UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
RAHEEN DAVIS,

                Movant,

    -against-                                    09 Civ. 0636 (LAK)
                                                   (S2 05 Crim. 1157 (LAK))

UNITED STATES OF AMERICA,

                Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

       In January 2005, Davis and three others agreed to rob a marijuana dealer. Davis and two of his cohorts gained entrance to the dealer's apartment and robbed him of drugs and money. Apparently dissatisfied with the proceeds of the robbery, Davis then opened fire with an automatic weapon, killing the dealer, wounding the woman with whom the dealer was living, and permanently crippling her son. He was convicted by a jury of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 and carrying a firearm during and in relation to a crime of violence and possessing a firearm in furtherance of a crime of violence in violation fo 18 U.S.C. § 924(c)(1)(A) and sentenced principally to concurrent terms of imprisonment of 20 years and life, both to run consecutively to a prior, unexpired term of imprisonment.

       Davis appealed his conviction to the Second Circuit. His appointed counsel argued principally that the evidence at trial had been insufficient to prove that the robbery had any effect on interstate commerce and therefore failed to satisfy the jurisdictional element of the Hobbs Act. He contended also that the Court of Appeals should reject its prior use of the *de minimis* standard for evaluating the effects of interstate commerce within the meaning of the Hobbs Act and instead adopt a "substantial effect" test under which, he contended, Davis' conviction should be set aside. Counsel also obtained leave of the Circuit for Davis to file a supplemental *pro se* brief, noting that Davis wished to argue also that (1) his indictment had been constructively amended, (2) trial counsel had been ineffective, (3) Davis' Speedy Trial Act rights had been violated, (4) the trial court engaged in judicial misconduct, (5) the prosecutor engaged in misconduct, and (6) Davis' sentence was illegal. Davis, so far as the Court of Appeals' docket sheet reveals, never filed such a brief, and his conviction was affirmed. *United States v. Davis,* No. 08-3604-cr, 2009 WL 1459543 (2d Cir. May 27, 2009).

Now before the Court is Davis' motion to vacate, set aside, or correct the judgment of conviction pursuant to 28 U.S.C. § 2255 as well as his amended petition.

*Davis' Claims*

Davis' motion and largely redundant, amended motion collectively assert the follow grounds for relief, giving them the charitable reading appropriate for *pro se* filings:

1. Trial counsel was ineffective in that he failed to investigate possible witnesses or follow Davis' instructions.  Motion ¶ 12A, Amended Motion ("AM") at 13-14.

2. Davis was denied the right to represent himself under *Faretta v. United States,* 422 U.S. 805 (1975).  Motion ¶ 12A.

3. The indictment was constructively amended, an apparent reference to Davis' claim that marijuana is not a narcotic.  *Id.* ¶ 12B, AM at 4-6.

4. The evidence was insufficient to satisfy the interstate commerce requirement of the Hobbs Act.  Motion ¶ 12B, AM 4, 8-9.

5. Davis' Speedy Trial Act right was violated by Judge Keenan, referring to docket items 26, 31 and 39.  Motion ¶ 12C.

6. The trial court and appointed trial counsel improperly prevented Davis from calling an expert witness to testify that marijuana is not a narcotic.  AM at 8.

7. Davis was improperly denied the right to confront his accusers, specifically Detectives Killen and Urbina.  Motion ¶12D.

8. Davis was denied access to the courts by the Bureau of Prisons moving him from one facility to another and losing or depriving him of his legal property in November 2008.  AM 11-12, 19-20.

9. Appellate counsel was ineffective in that he failed to follow Davis' instructions.  AM 12, 14.

10. The trial court prevented him from calling witnesses.  AP13.

*Ground 4 – Sufficiency of the Evidence as to the Interstate Commerce Element*

This argument was made to and rejected by the Court of Appeals on direct appeal.

It therefore is not available on this Section 2255 motion. *E.g., United States v. Pitcher,* 559 F.3d 120, 124 (2d Cir. 2009).

*Grounds 2, 3, 5-7 and 10 – Procedurally Barred*

Grounds 2, 3, 5-7 and 10 all were available on direct appeal. None was asserted.[1] Accordingly, they are procedurally barred unless Davis has shown "(1) cause for failing to raise the[m] . . ., and prejudice resulting therefrom,' or (2) actual innocence." *Sapia v. United States,* 433 F.3d 212, 217 (2d Cir. 2005) (quoting *Rosario v. United States,* 164 F.3d 729, 732 (2d Cir. 1998) (internal quotation marks omitted), *cert. denied,* 528 U.S. 1012 (1999)). Cause for a procedural default is established when "some objective factor external to the defense" impeded the petitioner's efforts to comply with the state's procedural rule. *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *see also Ayuso v. Artuz,* No. 99 Civ. 12015(AGS)(JCF), 2001 WL 246437, at *8 (S.D.N.Y. Mar. 7, 2001). Cause for a default exists where a movant has shown that (1) "some interference by state officials made compliance [with the procedural rule] impracticable," or (2) "the procedural default [was] is the result of ineffective assistance of counsel." *Bossett v. Walker,* 41 F.3d 825, 829 (2d Cir. 1994) (citation omitted). "Prejudice" requires a demonstration that the alleged constitutional error worked to the movant's "actual and substantial disadvantage." *United States v. Frady,* 456 U.S. 152, 170 (1982) (emphasis in original). Actual innocence for this purpose requires a showing that "constitutional error 'has probably resulted in the conviction of one who is actually innocent.'" *Raupp v. United States,* 2007 WL 4142773, at *3 (S.D.N.Y. Nov. 15, 2007) (quoting *Bousley v. United States,* 523 U.S. 614, 623 (1998)).

Giving movant's papers a charitable reading perhaps beyond the limits of the charity appropriately shown to *pro se* litigants, I shall assume that he claims that appellate counsel was ineffective for not raising these issues. But that claim would be successful only if he had shown that appellate counsel was ineffective in that regard, viz. that he failed to perform at the constitutionally minimum level *and* that the result of the appeal probably would have been different had these issues been raised.[2] *Strickland v. Washington,* 466 U.S. 668 (1984). Movant has failed to establish either. Hence, the failure of appellate counsel to raise these issues does not constitute "cause" for the procedural bar and, as will appear, there in any case was no prejudice.

Movant himself was granted leave to file a supplemental *pro se* brief in the Court of Appeals but he did not do so. He claims also that he was moved to Lewisburg on August 5, 2008, to Canaan on August 14, 2008, back to Lewisburg on October 22, 2008, and to Brooklyn on January 8, 2009 and that he did not receive his "legal property" until November 6, 2008. AM 11-12.

---

[1] Indeed, appellate counsel obtained leave for Davis to raise grounds 3 and 5 in a supplemental *pro se* brief, an opportunity of which Davis did not avail himself.

[2] There certainly is no basis for concluding that movant is actually innocent.

Although movant does not connect these events directly to his failure to file a *pro se* brief in the Court of Appeals, I note that leave to do so was granted on October 6, 2008 and that appellant's brief was due on October 14, 2008.  Accordingly, I infer that movant claims that he was prevented from filing a supplemental *pro se* brief by these movements.  Moreover, I assume, without deciding, that this would constitute "cause" for movant's failure to raise these grounds on direct appeal quite apart from any ineffectiveness of appellate counsel.  Nevertheless, movant was not prejudiced because these grounds all lacked merit as follows:

> Ground 2 – Self representation.  Movant at various times did proceed *pro se* before trial.  It became apparent, however, that he was asserting the right to proceed *pro se* in an attempt to manipulate the conditions of his confinement and for other improper purposes.  After lengthy proceedings and a competency examination, the trial court concluded that there had been no clear and unequivocal waiver of the right to counsel and required that movant proceed with counsel.  For the reasons set forth in the government's letter brief, dated Aug. 20, 2009 ("Gov't Mem."), at pages 9-17, as well as the Court's previous rulings, I see no error in that decision.

> Ground 3 – Constructive Amendment.  Movant contends that the indictment was constructively amended because the evidence at trial showed that the object of the robbery was marijuana and marijuana proceeds which, he asserts, is not a narcotic whereas the indictment charged that its object was narcotics or narcotics proceeds.  I rejected this argument in denying movant's Rule 29 motion.  *United States v. Davis,* 2008 WL 2115205 (S.D.N.Y. May 13, 2008).  I see nothing in the present submissions that suggests a different result.

> Ground 5 – Speedy Trial Act.  This argument is frivolous for the reasons set forth by the government.  Gov't Mem. 22-26.

> Ground 6 – Drug Expert.  Putting aside the procedural niceties inherent in the suggestion that trial counsel was ineffective for failing to call a drug expert to testify that marijuana is not a narcotic, the simple fact is that trial counsel moved to dismiss pursuant to Fed. R. Crim. P. 29 on the ground that the government had not proved the charged conspiracy because marijuana is not a narcotic.  I rejected that argument in a published opinion, holding essentially that the issue was whether the indictment, which charged a conspiracy to rob narcotics, could fairly be read as encompassing the criminal conduct that the government proved, and that it fairly could be so read.  *United States v. Davis,* No, S2 05 Crim. 1157 (LAK), 2008 WL 2115205 (S.D.N.Y. May 13, 2008).  I rejected also the specific contention that the movant should have been allowed to call a drug expert to testify in substance that marijuana is not a narcotic.  Docket item 174 (memo endorsement).  I see no error.

> Ground 7 – Confrontation.  Detectives Killen and Urbina were not called as a witnesses and no out-of-court statement by either was received in evidence for the

truth of the matters asserted, so there was no confrontation issue. This ground therefore is baseless.

Ground 10 – Preclusion of Witnesses. This contention is without merit for the reasons set forth by the government. Gov't Mem. 26-27.

In view of the lack of merit of any of the foregoing grounds, there was no prejudice even if (a) appellate counsel's failure to raise them had been inconsistent with the constitutionally required minimum level of attorney performance, thus establishing "cause," or (b) movant's failure to raise them *pro se* in the Court of Appeals was attributable to misconduct by the Bureau of Prisons and thus constituting "cause."

*Ground 1 – Ineffective Assistance of Trial Counsel*

This ground is without merit for the reasons set forth by the government. Gov't Mem. 6-9.

*Ground 8 – Denial of Access to the Courts*

As indicated above, movant perhaps claims that he was denied access to the courts because the Bureau of Prisons effectively prevented him from filing a supplemental *pro se* brief in the Court of Appeals in which he would have raised a variety of arguments that his appellate counsel did not press. As discussed above in the section on procedurally barred claims, all of those arguments lacked merit. In consequence, movant was not prejudiced even if his allegations with respect to the Bureau of Prisons were true.

*Ground 9 – Ineffective Assistance of Appellate Counsel*

Movant's contention is baseless for the reasons advanced by the government as well as the fact that the Court has determined that each of the arguments movant claims should have advanced on his behalf was without merit. Gov't Mem. 8-9. Accordingly, even if appellate counsel had failed to perform at the constitutionally required level, and there is no basis for such a conclusion, movant would not have been prejudiced.

*Conclusion*

I have considered each of movant's arguments, including some not specifically addressed here. Each is entirely without merit. Accordingly, his Section 2255 motion is denied in all respects. As he raises no substantial legal issue, a certificate of appealability is denied, and the

6

Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915.

        SO ORDERED.

Dated:        August 27, 2009

                                                              Lewis A. Kaplan
                                                             United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)